**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLE SPRING,** | : | **Case No. 1:02cv165** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **GAIL NEUMAN, et al.,** | : | <u>**ORDER**</u> |
| | : | |
| **Defendants.** | : | |
| | : | |

Pending before the Court is *Plaintiff's Motion to Impose Appeal Bond on Defendant Gail Neuman* (Doc. 71). Plaintiff asks the Court, pursuant to Rule 7 of the Appellate Rules of Civil Procedure ("Rule 7"), to impose an appeal bond in the amount of $100,000 ($5000 for costs and $95,000 for attorney fees) as "an amount necessary to ensure payment of costs" of Neuman's appeal of this Court's Opinion and Order of September 8, 2006. *See* Fed. R. App. P. 7. Neuman has not opposed Plaintiff's request.[1]

---

[1]     Neuman did file an <u>untimely</u> opposition almost forty days after Plaintiff requested the bond. As an excuse for her delay, Neuman offered an affidavit in which she states that she was not aware of Plaintiff's motion because she had terminated her relationship with her attorney, and, thereafter, her attorney did not inform her that Plaintiff had moved to impose a bond. First, the Court notes that Neuman has put her own credibility in doubt by her actions in the course of this litigation, and her representations to the Court carry little weight. In addition, her original attorney has not sought to withdraw from the case and is still listed as active counsel on the docket. Finally, if, as Neuman states, their relationship had ended, then it would seem that she could have no reasonable expectation that her attorney would continue to monitor the docket and keep her apprised of developments.
Ultimately, the Court **DENIES** Neuman's *Motion for Enlargement of Time to Respond* (Doc. 72) and disregards Neuman's opposition, although its own reading of the law produces results similar to those argued for in that opposition.

1

The Court agrees that an appeal bond should be required in this case, particularly because of Neuman's refusal to pay Court-ordered settlement amounts and sanctions awards up to this point. However, the Court does not agree with Plaintiff's assertion that the term "costs" as used in Rule 7 includes attorney fees in this case.[2]

Accordingly, Plaintiff's motion is **GRANTED**, but only to the extent that it seeks an appeal bond for administrative costs in the amount of $5000.[3]  Neuman is hereby **ORDERED** to post bond in the amount of $5000 within ten (10) days of the date of this Order.


**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated**: February 27, 2007

---

[2]     In *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 816-17 (6th Cir. 2004), the Sixth Circuit held that an amount imposed in an appeal bond under Rule 7 <u>can</u> include attorney fees when such fees are "properly awardable under the relevant substantive statute or other authority." *Id.* (quoting *Marek v. Chesny*, 473 U.S. 1, 9 (1985)).  In the present case, Plaintiff has not cited any authority that would permit her to recover attorney fees, and the Court thinks it is clear that none exists.  Indeed, the Court specifically removed a fee-shifting clause from the Settlement and Mutual Release Agreement that provided for fees incurred to enforce or defend rights under that agreement.  *See* Doc. 47, Ex. A at p. 5. Arguably, the order from which Neuman takes her present appeal is an order that resulted from Plaintiff's attempt to enforce her rights under the Settlement Agreement.

[3]     Although the Court is aware that the Sixth Circuit has already dismissed Neuman's appeal for lack of jurisdiction, Neuman's counsel has informed the Court that he intends to petition the Sixth Circuit for a rehearing, and, therefore, that he does not believe Plaintiff's motion is moot.  The Court agrees that Plaintiff's motion is not moot and that a bond is still appropriate for the costs already incurred and those that will be incurred as Neuman lengthens the appeals process.

2